UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | CASE NO. CR-06-6008-EFS |
|---|---|
| Plaintiff/Respondent, | CASE NO. CR-06-6012-EFS |
| | CASE NO. CR-06-6049-EFS |
| v. | |
| GERARDO CASTRO-PRIETO, | **ORDER DENYING PETITIONER'S PETITION FOR CONSIDERATION FOR SENTENCE REDUCTION** |
| Defendant/Petitioner. | |

On September 26, 2013, Gerardo Castro-Prieto filed a Petition for Consideration for Sentencing Reduction Pursuant to 18 U.S.C. § 3582 and the Fair Sentencing Act of 2010 D.E. 29, CR-06-6008-EFS, ECF No. 44; CR-06-6012-EFS, ECF No. 68; CR-06-6049-EFS, ECF No. 45. Mr. Castro-Prieto asks the Court to consider 1) entering the minimum sentence in the three above-listed cases, 2) exercising its discretion to reduce his term of imprisonment because a sentencing range that applied to Mr. Castro-Prieto was reduced or modified by an amendment to the U.S. Sentencing Guidelines, and 3) ordering that all three sentences be served concurrently for a total term of imprisonment of sixty months. As of the date of this Order, no response has been received by the U.S. Attorney's Office (USAO). After reviewing the record and relevant authority, the Court is fully informed. For the reasons that follow, the Court denies Mr. Castro-Prieto's petition.

///

ORDER - 1

**A.    Background**

In 2006, Mr. Castro-Prieto was charged in four separate indictments in the Eastern District of Washington:

- CR-06-6008-EFS (Alien in the United States after Deportation in violation of 8 U.S.C. § 1326);
- CR-06-6012-EFS (Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1));
- CR-06-6049-EFS (Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1)); and
- CR-06-6050-EFS (Felon in Possession of a Firearm in violation of 21 U.S.C. § 841(a)).

On September 12, 2006, Mr. Castro-Prieto entered a guilty plea, without a plea agreement, to the Alien in the United States After Deportation count in CR-06-6008-EFS ("Alien Count"). CR-06-6008-EFS, ECF No. 24. On September 27, 2006, Mr. Castro-Prieto entered a guilty plea to the Felon in Possession of a Firearm count in CR-06-6012-EFS ("Felon with Firearm Count"). In the Felon-with-Firearm-Count plea agreement, the USAO agreed to recommend a sentence at the low end of the applicable guideline range and to recommend a concurrent sentence with the to-be-imposed sentence for the Alien Count. CR-06-6012-EFS, ECF No. 48.

On January 19, 2007, a change-of-plea hearing occurred in CR-06-6049-EFS, wherein Mr. Castro-Prieto pled guilty to Count 1 ("Drug-Trafficking Firearm Count") in return for the USAO dismissing Count 2 as well as the single count in CR-06-6050-EFS. CR-06-6049-EFS, ECF No. 36. In the parties' binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, the parties acknowledged that the Court was statutorily required to impose at least a five-year sentence for

ORDER - 2

the Drug-Trafficking Firearm Count.  The parties asked the Court to impose a sentence of five years for the Drug-Trafficking Firearm Count in CR-06-6049, as well as a consecutive sixty-month term of imprisonment for the Alien Count and Felon with Firearm Count that Mr. Castro-Prieto previously plead guilty to in CR-06-6008-EFS and CR-06-6012-EFS, respectively.  CR-06-6049-EFS, ECF No. 36 ¶ 9.  The Court accepted Mr. Castro-Prieto's guilty plea to the Drug-Trafficking Firearm Count, but did not accept the binding plea agreement at that time.

On February 20, 2007, the Court held a hearing in all four criminal matters involving Mr. Castro-Prieto.  In CR-06-6008-EFS, CR-06-6012-EFS, and CR-06-6049-EFS, the Court held sentencings.  After reviewing the presentence investigation reports, sentencing-related material, and relevant authority, and hearing from counsel and Mr. Castro-Prieto, the Court accepted the parties' binding global sentencing recommendation for the three Counts to which Mr. Castro-Prieto pled guilty.  The Court sentenced Mr. Castro-Prieto to sixty months on the Alien Count and Felon with Firearm Count to run concurrently with each other, and sixty-months on the Drug-Trafficking Firearm Count to run consecutive to the other two sentences, as required by 18 U.S.C. § 924(c)(1)(A)(i).  CR-06—6049-EFS, ECF No. 42. The Court granted the USAO's motion to dismiss the second count in CR-06-6012-EFS and the indictment in CR-06-6050-EFS.

**B.   Analysis**

Mr. Castro-Prieto captions his petition as seeking a sentencing reduction under 18 U.S.C. § 3582 and the Fair Sentencing Act of 2010

D.E. 29; however, Mr. Castro-Prieto does not articulate how these statutes apply to him. The Court understands Mr. Castro-Prieto to rely on § 3582(c)(2) which permits a court to modify an imposed sentence if it was based on a sentencing range that has been subsequently lowered by the Sentencing Commission. The Fair Sentencing Act of 2010 did lower certain sentencing ranges, however, these ranges had to do with crack cocaine offenses. Mr. Castro-Prieto was not convicted of a crack cocaine drug-trafficking offense. His three convictions were for being an Alien in the United States Without Permission, Felon in Possession of a Firearm, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. And the unpled-to allegations pertaining to drug trafficking pertained to methamphetamine and not crack cocaine. There is no basis to grant Mr. Castro-Prieto relief under § 3582(c)(2) or the Fair Sentencing Act. Further, the Court is statutorily prohibited from running the sixty-month sentence imposed on the Drug-Trafficking Firearm Count concurrent with any other sentence. In addition, the Court finds no reason to modify the sixty-month sentences imposed for the Alien Count and Felon with Firearm Count: sentences which are concurrent to each other.

**C.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**: Mr. Castro-Prieto's Petition for Consideration for Sentencing Reduction Pursuant to 18 U.S.C. § 3582 and the Fair Sentencing Act of 2010 D.E. 29, CR-

//

/

ORDER - 4

06-6008-EFS, **ECF No. 44**; CR-06-6012-EFS, **ECF No. 68**; CR-06-6049-EFS, **ECF No. 45**, is **DENIED**.

    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Castro-Prieto and counsel.

    **DATED** this  17th  day of October 2013.

                        s/ Edward F. Shea
                          EDWARD F. SHEA
          Senior United States District Judge